UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LOUIS H. WANG,

        Plaintiff,

    v.

AMERICAN EQUITY
INVESTMENT LIFE INSURANCE
COMPANY,

        Defendant.

CIVIL ACTION NO.
1:20-cv-01728-JPB

## ORDER

Before the Court are Plaintiff Louis H. Wang's ("Wang") Motion for Leave to Amend (ECF No. 11) and Motion to Remand (ECF No. 12).  Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

## I.  BACKGROUND

Plaintiff Louis H. Wang ("Wang") filed a complaint against Defendant American Equity Investment Life Insurance Company ("AEI") in Georgia state court alleging several state law claims in connection with an investment Winston Wade Turner ("Turner"), an agent of AEI, sold to Wang.  Although the very first paragraph of the Complaint announces that "[t]his case is about how [Wang] was defrauded by Defendant [AEI] and its agent [Turner]," Turner was not named in the Complaint.

On April 23, 2020, AEI removed the matter to this Court on the basis of diversity jurisdiction.  Wang now seeks leave to add Turner, a citizen of Georgia, as a defendant.  Because Wang is also a citizen of Georgia, adding Turner as a defendant will destroy diversity jurisdiction.  Wang also seeks remand of the matter if the Court permits joinder of Turner.

AEI opposes both the Motion for Leave to Amend and the Motion to Remand.  AEI contends that Wang seeks to add Turner to the action only for the purpose of destroying diversity of citizenship and divesting this Court of jurisdiction over the action.  In support of its contention, AEI points out that Wang chose not to name Turner as a party when he initiated this action, despite the repeated references to Turner's alleged culpability in the Complaint and the fact that Wang previously litigated the claims raised in this Complaint against two other companies and therefore had full knowledge of Turner's role in the alleged wrongdoing.  Turner sought to add Wang to the matter only after AEI removed it to this Court.  AEI argues this also demonstrates that AEI's proposed amendment is dilatory.

Further, AEI maintains that the balance of equities is in his favor because requiring Wang to file a separate suit against Turner in state court is not significant

harm since Wang "did not, and does not now, intend to pursue Turner for damages in earnest."

Finally, AEI asserts that the equities favor denial of leave to amend because the purpose of the removal statute is to provide non-resident defendants like AEI the option of litigating their action in federal court.

Wang sidesteps AEI's key argument that he did not add Turner sooner because he does not intend to pursue claims against him and is attempting to add him at this stage solely for the purpose of securing remand.  Instead, he focuses on the "real" risk of having to maintain two separate lawsuits or parallel litigation if his motion is denied, and he states he might not secure complete relief without Turner as a co-defendant.  Wang also argues that a two-month delay in seeking leave to add a party cannot be deemed dilatory.

## II.   DISCUSSION

In *Dever v. Family Dollar Stores of Georgia, LLC*, the Eleventh Circuit recently established the required analysis for deciding whether to permit or deny joinder of a defendant that would destroy diversity jurisdiction after removal.  755 F. App'x 866, 869 (11th Cir. 2018).  There, the court explained that while the Federal Rules of Civil Procedure generally require courts to freely grant leave to amend, "a district court must scrutinize more closely an amended pleading that

would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum."  *Id*.  Therefore, the court adopted the four-factor test for balancing the equities that the Fifth Circuit set forth in *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir. 1987).  Under that test, "a district court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  *Dever*, 755 F. App'x at 869 (quoting *Hensgens*, 833 F.2d at 1182) (internal punctuation omitted).[1]

### A.     The extent to which the purpose of the amendment is to defeat federal jurisdiction

Courts have held that "'the fact that a plaintiff attempted to add a non-diverse defendant only after the case was removed, even though he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction.'"

---

[1] Districts courts in the Eleventh Circuit relied on the four-factor *Hensgens* test prior to its formal adoption by the *Dever* court.  *See*, *e.g.*, *Johnson v. Lincoln Harris, LLC*, No. 1:15-CV-3979-WSD, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016) ("District courts in the Eleventh Circuit have relied on factors suggested by the Fifth Circuit [in *Hensgens*] to determine whether to permit a plaintiff to join a diversity-defeating defendant.").

*Butler ex rel. K.W. v. S. Apartment Partners, LP*, No. CV 120-067, 2020 WL
7356606, at *3 (S.D. Ga. Dec. 15, 2020) (quoting *Smith v. White Consol. Indus.,
Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002)).  *See also Liberacki v. Kroger
Co.*, No. 1:13-CV-00059-JCF, 2013 WL 12061882, at *2 (N.D. Ga. Apr. 18, 2013)
(inferring a motivation to destroy diversity where "[t]he original [c]omplaint filed
in state court [against the company] reflected no desire to hold [other] individuals
liable . . ., in spite of the fact that [the] [p]laintiffs knew from day one that [an]
employee was involved in the incident"); *Dunham v. Heartland Express, Inc. of
Iowa*, No. 1:15-CV-1488-SCJ, 2015 WL 13753283, at *3 (N.D. Ga. Nov. 25,
2015) (finding that the "only logical inference is that [the plaintiff's] . . . attempts
to add [the non-diverse defendant was] to defeat diversity jurisdiction" because he
had information regarding the proposed defendant prior to filing suit and could
have added him as a defendant from the outset but failed to do so and provided no
explanation for the omission).

Here, there is no question that Wang knew of Turner's role in the events
giving rise to the lawsuit prior to filing it.  Wang had concluded litigation against
two other companies on the facts relevant here, and, significantly, the first
paragraph of his Complaint in this case asserts that the case concerns AEI and
Turner's actions to defraud him.  Wang's reliance on cases like *Johnson v. Lincoln*

5

*Harris, LLC*, where the plaintiff sought only to substitute a fictitious defendant after removal and after his identity was discovered, is misplaced.  No. 1:15-CV-3979-WSD, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016).  The difference here is that Turner is at the center of this case, and Wang had full knowledge of his identity and potential culpability prior to filing suit.  In any event, Wang ultimately concedes that the first *Hensgens* factor weighs against him and settles instead on an argument that this factor is not dispositive.

Because Wang knew Turner's identity and role in this matter well before filing suit and chose to seek leave to add him as a party only after AEI removed the case, the Court infers a motive to defeat diversity jurisdiction.  As such, the Court finds that the first *Hensgens* factor weighs against allowing joinder of Turner.

### B.   Whether the plaintiff has been dilatory in asking for amendment

In *Dunham*, the court found that the plaintiff was dilatory in seeking to add the proposed defendant after removal because he chose not to include him in the original complaint, even though he had knowledge of his involvement in the accident.  2015 WL 13753283, at *3.  Wang is correct that the courts in *Johnson*, 2016 WL 2733425, at *2,  and *Jarriel v. General Motors Corporation*, 835 F. Supp. 639, 641 (N.D. Ga. 1993), found that a relatively short amount of time between the filing of a complaint and a motion seeking leave to amend does not

support a finding that the plaintiff was dilatory.  However, both *Johnson* and

*Jarriel* are inapposite because, unlike in this case, the plaintiff in those cases

learned of the proposed defendant ***after*** filing suit.  Applying the reasoning of the

aforementioned cases, the Court finds that Wang was dilatory in seeking

amendment and that the second *Hensgens* factor therefore weighs against allowing

joinder.

###     C.     Whether the plaintiff will be significantly injured if amendment is not allowed

The "'redundancy, duplication of effort and expense, and multiplication of

proceedings inherent in . . . parallel litigation is an injury to [a] plaintiff that certain

courts have deemed sufficient to satisfy [the third *Hensgens*] factor.'"  *Thornton v.*

*McCarthy Bldg. Companies, Inc.*, No. 1:20-CV-01257, 2020 WL 6738153, at *2

(N.D. Ga. Nov. 17, 2020).  *See also Johnson*, 2016 WL 2733425, at *3 (noting that

"[c]ourts within this Circuit have concluded that . . . parallel litigation would

constitute 'significant injury' under *Hensgens*").  The *Thornton* court further found

that even if the prospect of having to engage in parallel litigation against the

proposed defendant in state court is not considered a "significant injury," the

prospect nevertheless tilts this factor in favor of the plaintiff.

Given the limited record before the Court, the Court declines to wade into

AEI's contention that because "a civil judgment against Turner would be a moral

victory alone," it "strains reason to believe that [Wang] will expend his time and resources to [file a parallel suit]." The Court finds that the third *Hensgens* factor favors Wang based on opinions in this Circuit establishing that the prospect of parallel litigation and its concomitant costs and inefficient use of judicial resources tilts the factor in favor of the plaintiff.[2]

### D.    Any other factors bearing on the equities

Under this factor, some courts weigh the diverse defendant's right to choose between a state or federal forum when diversity of citizenship does exist against the injury to the plaintiff of having to litigate in two forums. *See*, *e.g.*, *Thornton*, 2020 WL 6738153, at *2. In *Butler*, the court noted that relevant to the inquiry "is the fact that the parties are not on 'equal footing' because of the diverse defendant's right to choose between a state or federal forum." 2020 WL 7356606, at *4. It concluded that the fourth factor weighed against allowing joinder because "[g]iving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes," particularly where the proposed defendant "was a known non-party when the suit was filed." *Id*. The court also reasoned that [the

---

[2] Wang's additional claim that he would not receive complete relief unless Turner is joined here is not supported by the record. This does not, however, change the Court's conclusion that the third *Hensgens* factor weighs in favor of Wang.

plaintiffs] [would] not [be] left without recovery, as they [could] still pursue a suit against [the proposed defendant] in state court if they so desire[d]." *Id*.

In this case, the Court acknowledges the burden on Wang of potentially maintaining two lawsuits on the same set of facts but gives additional consideration to AEI's right under the removal statute to select a federal forum. Wang also had ample opportunity to include Turner as a party at the outset but chose not to do so.  Therefore, the Court finds that the fourth *Hensgens* factor weighs in favor of AEI.

Based on the foregoing analysis, the Court concludes that the *Hensgens* factors support denial of leave to amend in this case.  Specifically, the delay in joining Turner as a party and the attempt to add him right after remand point to an improper motive to avoid this Court's jurisdiction.  Moreover, the burden on Wang of parallel litigation does not outweigh AEI's right to remove the lawsuit to a federal forum.  Accordingly, Wang's Motion for Leave to Amend (ECF No. 11) is **DENIED**.

Because Wang's Motion to Remand (ECF No. 12) rests on the joinder of Turner, which the Court has denied, Wang's Motion to Remand is also **DENIED**. This action will proceed in this Court, and the current stay of Wang's deadline to respond to AEI's Motion to Dismiss is lifted.  Wang must respond to the motion

within fourteen days of the date of this Order.  AEI may file a reply in support of its motion within the deadline set forth in this Court's local rules.

      **SO ORDERED** this 12th day of January, 2021.

                                          **J. P. BOULEE**
                                          United States District Judge